IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


STEVEN BUTLER,                                    Case No. 6:17-cv-00562-JR

              Plaintiff,                                              ORDER

       v.

CAROL DUNFORD,

              Defendant.
_____

RUSSO, Magistrate Judge:

       Defendant United States (substituted for Carol Dunford pursuant to 28 U.S.C. § 2679(d))

moves to dismiss pro se plaintiff Steven Butler's complaint under Fed. R. Civ. P. 12(b)(1). For

the reasons stated below, defendant's motion is granted.

## BACKGROUND

On January 26, 2017, plaintiff filed a claim in Douglas County's small claims department against Ms. Dunford, alleging personal injury damages in the amount of $10,000 as the result of a false 911 call made on January 29, 2015. Notice of Removal Ex. 2, at 1 (doc. 1-2). Plaintiff listed the Social Security Administration's ("SSA") Roseburg, Oregon, office as the address for Ms. Dunford. Id. Upon certification that Ms. Dunford was acting within the scope of her SSA employment at all relevant times pursuant to 28 U.S.C. § 2679(d), the United States replaced Ms. Dunford as defendant. Notice of Removal Ex. 1, at 1-2 (doc. 1-1). Defendant then removed plaintiff's claim to this Court pursuant to 28 U.S.C § 1442. Notice of Removal 2-3 (doc. 1).

In May 2017, plaintiff requested, and the Court granted, leave to amend in order to increase the prayer for damages to $250,000. Mot. to Amend 1 (doc. 5). Plaintiff has yet to file an amended complaint.

On June 26, 2017, defendant filed the present motion to dismiss asserting that plaintiff failed to exhaust his administrative remedies prior to commencing this suit. Def.'s Mot. to Dismiss 3 (doc. 9).

## STANDARD

Where the court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). The party who seeks to invoke the subject matter jurisdiction of the court bears the burden of establishing that such jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The court may hear evidence regarding subject matter jurisdiction and resolve factual disputes where necessary. Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).

**DISCUSSION**

Under the Federal Tort Claims Act, a plaintiff must have exhausted his administrative remedies in order for subject matter jurisdiction to exist. 28 U.S.C. § 2675(a); D.L. v. Vassilev, 858 F.3d 1242, 1245 (9th Cir. 2017). Failure to exhaust administrative remedies deprives the federal court of subject matter jurisdiction. McNeil v. United States, 508 U.S. 106, 113 (1993). Although pro se plaintiffs do not have the benefit of legal counsel, such that their pleadings are "held to less stringent standards" than pleadings drafted by lawyers, a pro se plaintiff must nonetheless comply with this exhaustion requirement when litigating in federal court. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011); see Knight v. United States, 2013 WL 6049034, *2 (D. Or. Nov. 14, 2013) (dismissing a pro se plaintiff's complaint for failure to exhaust under analogous circumstances).

Here, even construing plaintiff's pleadings in the most favorable and liberal light, his complaint must be dismissed. Specifically, plaintiff does not assert that he exhausted, or attempted to exhaust, his administrative remedies. Indeed, the only fact plaintiff alleges is that Ms. Dunford was responsible for a "false 911 call resulting in personal injury." Notice of Removal Ex. 2, at 1 (doc. 1-2). Further, plaintiff's response to defendant's motion to dismiss is void of any facts regarding exhaustion of administrative remedies or the existence of subject matter jurisdiction. Without such facts, this Court lacks subject matter jurisdiction. Accordingly, defendant's motion to dismiss is granted.

**CONCLUSION**

Defendant's Motion to Dismiss (doc. 8) is granted. Nevertheless, due to plaintiff's pro se status and the lack of underlying factual allegations, plaintiff is allowed 30 days from the date of this Order to file a complaint that complies with the requirements of Fed. R. Civ. P. 8(a) and

demonstrates that the exhaustion requirement has been satisfied and/or is inapplicable in this case. Failure to file an amended complaint as ordered will result in the dismissal of this action with prejudice.

IT IS SO ORDERED

DATED this 3rd day of August 2017.


 s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge